# *Ex parte* Ansley.

*Petition for Writ of Mandamus.*

1. *Construction of act of Feb. 25, 1889 as amended Feb. 18, 1891, creating city court of Anniston.*—The act amending the act creating the city court of Anniston (section 6), providing that questions of fact in civil actions shall be tried without a jury, unless one be demanded by the plaintiff at the commencement of the suit, or by defendant on his appearance, "by endorsing such demand in writing on the plea or demurrer or other pleadings," and providing the failure to demand a jury "as above directed" shall be deemed a waiver of the right to jury trial, is mandatory; and where a defendant procures the entry of a case on the jury docket without a written demand on the pleadings, and such case is, by order of court, transferred to the nonjury docket, *mandamus* does not lie to compel the court to vacate the order.

PETITION for a writ of *mandamus* to the Hon. JAMES W. LAPSLEY, judge of the City Court of Anniston, to compel him to vacate an order transferring a suit from the jury to the nonjury docket.

The facts of the case are sufficiently stated in the opinion.

MATTHEWS & WHITESIDE, for the petitioner.

D. C. BLACKWELL and JOHN B. KNOX, for the respondent.

HEAD, J.—The act amending the act creating the city court of Anniston, provides in section 6, "That in all civil cases at law in said court the issue and question of fact shall be tried by the court without the intervention of a jury, unless a jury be demanded by the plaintiff at the commencement of the suit, or when the cause is at issue, by endorsing such demand on the summons and complaint or other original process, or by the defendant or other party at his appearance by endorsing such demand in writing on the plea or demurrer or other pleadings. Provided, that when a cause is transferred to said city court, the demand for a jury shall be made at the time of the application for said transfer, and a failure to demand a jury as above directed shall be deemed and held a waiver of the rights of trial by jury; and provided further, that when a cause shall have been tried without the intervention of a jury, and a new trial granted by the court, or when the same shall have been reversed and remanded by the supreme court, that either party to the cause may demand a jury; provided, such demand is made at the first sounding of the cause thereafter; and provided further, that any party so demanding a trial by jury, shall at the time of said demand, deposit with the clerk of this court four dollars as a jury tax fee. This jury tax fee shall be taxed as other costs in the case, and if the party so demanding a jury is successful in the cause, this fee shall be refunded to him when collected by the clerk."

In a suit at law, instituted against relator, as defendant, in said city court, he duly appeared, by filing his pleas to the action. At the time of doing so, he orally demanded of the clerk a trial of the cause by a jury, and

deposited with the clerk four dollars as a jury tax fee, in compliance with another provision of the act. He made no demand, in writing, endorsed upon the plea. The clerk made thereon this endorsement: "Received $4. as jury tax fee in this case, April 6, 1895. [Signed.) A. H. Shepperd, Clerk." He also placed the cause on the jury docket of the court, where it remained until June 3, 1895, when, on motion of plaintiff, the court ordered it transferred to the non-jury docket. This is a petition by the defendant in the action for the writ of *mandamus* compelling the judge to vacate that order, &c.

It seems to us beyond the pale of controversy that the provisions of said section 6 are intended to secure trials of civil actions at law without the expense of juries, unless jury trials shall be demanded at the times, and in the manner, they prescribe. The whole section, after declaring the policy of dispensing with jury trials, is devoted to a minute specification of the times and ways in which the right of trial by jury shall be insisted upon, and to take the provisions without the pale of construction, it is expressly declared that "a failure to demand a jury *as above directed* [italics ours] shall be deemed and held a waiver of the rights of trial by jury." Let it, then, be assumed, as counsel insist, for the sake of argument, that the language prescribing the time and manner would, unaffected by other language in connection with it, be treated as directory merely, to be violated at will by the suitor and yet preserve to him the legal right to demand a jury trial at any time thereafter, we have the above quoted provision, in express terms, declaring that the failure to observe these very *directions* shall be held a waiver of the right, thus converting the direction into a mandatory provision. We by no means concede that, without the above quoted provision, the statute, as to time and place of making the demand, would be deemed directory; nor that, if deemed directory, the suitor could violate the directions and afterwards demand, as a legal right, enforceable by *mandamus*, a trial of his cause by jury. We simply place the decision of the cause upon the plain proposition that the statute, in express words, is made mandatory. It is hardly necessary to say that the endorsement on the plea by the clerk that he had received a jury fee does not approach a compliance with the statute; and of just as little avail to the

defendant in the action, is the fact that the clerk placed the case on the wrong docket.

Mandamus denied.