# Knight *et al. v.* Farrell & Reynolds.

*Application for Mandamus.*

1. *Construction of statute amending act creating city court; provisions as to trial by jury mandatory.*—The provisions of the act approved February 9, 1893, amending the act creating the city court of Anniston (Acts 1882-93, p. 338, § 6), that all civil cases at law in said court shall be tried by the court without the intervention of a jury, unless there is a demand for a jury as provided in such act, are mandatory; and when the demand for a jury is not made by either of the parties as required by the statute, there is a waiver of the right of trial by jury.

2. *Same; right of defendant to withdraw request for jury trial.*—Under the provisions of the statute amending the act creating the city court of Anniston (Acts 1892-93, p. 338), the trial of a civil case at law by a jury is a personal privilege, which either of the parties litigant may exercise, and in the exercise of which by either of them the other has no interest or right; and in a case where the plaintiff did not make a demand for a trial by jury as required by the statute, but the defendant did, and subsequently, after the ruling upon the pleadings, the defendant in open court, in the presence of the plaintiff's counsel and without objection, withdrew the demand for a jury trial, and an order allowing the withdrawal was made by the court and entered upon the minutes, the plaintiff can not question the validity of the order.

3. *Same; same; mandamus.*—When in the trial of a civil cause at law in the city court of Anniston, after having made a request for a trial by jury, the defendant withdraws the demand, and an order granting the withdrawal is made by the court and entered upon the minutes, there is virtually a transfer of the cause from the jury to the non-jury docket; and upon the failure of the clerk, in making up the dockets for the next ensuing term, to enter the cause on the non-jury

[Knight *et al.* v. Farrell & Reynolds.]
docket, the court should, upon proper motion by the defendant, have the cause transferred to such docket; and upon the court's failure to grant the defendant's motion for such a transfer, *mandamus* will lie to compel the granting of the order.

4. *Appeal; when mandamus will be granted though the ruling complained of will not support an appeal.*—When a trial court has erroneously refused to make an order upon proper motion, and this ruling is presented to the Supreme Court both by appeal and on application for a writ of *mandamus*, the latter being the proper remedy, it is immaterial that the ruling complained of is not such as will support an appeal; and the cause being properly before the court on application for a writ of *mandamus*, the writ will be awarded.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellees, Farrell & Reynolds, brought an action against the appellant, Ray Knight and Mrs. Ray Knight, to recover for work and labor done and material furnished by the plaintiffs to the defendants. Upon the filing of the complaint, the plaintiffs did not ask for a trial by jury, but upon the interposition of demurrers to the complaint by defendants, there was indorsed upon the demurrers a demand by the defendants for a trial by jury. The subsequent rulings of the court are sufficiently stated in the opinion. Upon the court's overruling the motion of the defendants to transfer and set the case for trial upon the regular non-jury civil trial docket, and refusing to grant said motion, the defendant duly excepted. The evidence which was introduced upon the hearing of this motion is also sufficiently stated in the opinion.

The defendants appeal, and assign as error the judgment of the court refusing to grant their motion. They also make application in the alternative for a writ of *mandamus* to the judge of the city court, to require him to grant said motion, and enter the case on the non-jury docket.

JOHN B. KNOX and PELHAM & ACKER, for appellants. 1. The case presented to the court on this appeal (an alternate application for *mandamus*) contains but two questions : 1. Can the appellants, under the act creating the city court of Anniston, having demanded a jury, subsequently withdraw that demand and have the case stand for trial by the court without the intervention of a

jury? 2. Can the appellees, who have never demanded a jury, stand by, make no objection when appellants withdraw their demand for a jury, and afterwards insist upon a jury trial? Each of the following cited cases construe a statute or constittional provision which requires some positive act to waive the jury, while our statute requires a positive act to secure a trial by jury ; and it seems that less would be necessary to show an acquiescence on the part of the plaintiffs in the order or application withdrawing the demand under our statute, than to waive a jury trial under the statutes construed.—*Garrity v. Hamburger Co.*, 28 N. E. Rep. 743 ; *Bonewitz v. Bonewitz*, 34 N. E. Rep. 332 ; *Whitestown Milling Co. v. Zahn*, 36 N. E. Rep. 653 ; *Baird v. Mayor*, 74 N. Y. 382 ; *Keystone Driller Co. v. Worth*, 23 S. E. Rep. 427 ; *Collins v. Young*, 23 S. E. Rep. 1005.

2. The act provides only that a failure to demand shall be deemed and held a waiver, and places no limitation on the right of either party to waive a jury trial at any time. The right to a trial by jury in civil cases is in the nature of a privilege, and is no more sacred than other constitutional or statutory rights, and there is no reason why it may not be waived in the same manner as such rights in other cases.

3. It is held in quite a number of cases, under statutes which require positive acts to waive a jury, that if any order is made upon the motion of a party, or without objection on his part, the effect of which is to eliminate a trial by jury, that such party waives and can not afterwards claim a trial by jury or complain of the action of the court in making the order. This rule is the same whether the order is made upon the motion of the party assigning it as error, or made by the court without objection on his part. Active participation in procuring the order is not essential.

4. These cases are only an annunciation of the well established principle embodied in the maxim, *qui tacet consentire videtur*, "the silence of counsel implied their assent to the course adopted by the judge, and a man who does not speak when he ought, shall not be heard when he desires to speak."—Herman on Estoppel, §§ 835, 822–24. If the defendants had the right to waive the jury trial, which we think is undoubted, and plaintiffs can not object to an order to which they have con-

sented or silently acquiesced in, when it was their duty to object, then the case was improperly on the jury docket, and the court erred in overruling the defendants' motion to transfer said cause to and set the same for trial on the non-jury docket. It makes no difference whether appeal or *mandamus* is the proper remedy, since the case is presented in both forms.—*Caldwell v. Houser*, 108 Ala. 125.

D. D. McLeod, *contra.*

HARALSON, J.—The requirements of section 6 of the act to amend the act creating the city court of Anniston, touching the trial of civil causes without a jury, and the waiver of a jury trial, have been held, for the purpose of securing such a trial, to be mandatory.—*Ex parte Ansley*, 107 Ala. 613. By the terms of the act, the plaintiff to be entitled to a trial by jury, must "at the commencement of the suit, or when the cause is at issue" indorse "such demand on the summons and complaint or other original process," or the plaintiff having failed to make such demand, the defendant is entitled to a trial by jury, "by indorsing such demand in writing on the plea, or demurrer, or other pleadings," &c. If this is not done, the issue and question of fact shall be tried by the court, without the intervention of a jury.—Acts of 1892–93, p. 338.

The plaintiffs in this case, did not demand a jury for its trial, and, therefore, so far as they were concerned, under this statute, the right for such a trial was forever waived, unless, if it should ever happen, after a trial by the court, a new trial should be granted, or when the judgment rendered should be reversed and remanded by the Supreme Court, in either of which contingencies, either party having waived, may demand a jury. The defendants, however, when they appeared and filed a demurrer to the complaint, demanded a jury trial and paid the jury tax, all in the manner as required by the statute. This was done in April, 1895. At the October term following, the demurrer was considered and passed on by the court. Some of the grounds assigned were overruled and some sustained. Thereupon, the defendants, as appears, in open court, in the presence of plaintiffs' counsel and without objection, withdrew their demand for a jury which had been previously made, and an order was made by the court, and entered as follows :

[Knight *et al.* v. Farrell & Reynolds.]

"Oct. 7, 1895. The defendants withdraw their demand for a jury." This order, as appears from the abstract, was entered on the minutes of the court. It seems, the clerk did not transfer said cause from the jury to the non-jury trial docket, and at the January term 1896, the defendants moved the court to transfer or set said cause for trial on the regular non-jury civil trial docket of the court, which motion the court overruled and rendered judgment against defendants on said motion.

When the order was made and entered by the court on the motion of defendants, the cause was virtually transferred from the jury to the non-jury docket, and in making up the dockets for the ensuing term of the court, the clerk should have entered said cause on the latter docket.

That the defendants had the right to withdraw their previous demand for a jury trial, seems scarcely open to controversy. The trial by jury was a personal privilege, which, in the beginning they had the right, under the statute, to invoke or waive, in the exercise of which privilege, the plaintiffs having waived a jury, had no interest or rights. Being a personal privilege, it was competent for defendants to waive it, without the consent of plaintiffs, since such a waiver did not in any wise interfere with them, but really operated to allow plaintiffs their preference,—impliedly expressed in their waiver of a jury trial when they filed their complaint,—to have a trial by and before the presiding judge, without the intervention of a jury.—Thompson on Trials, § 2 ; Thompson & Merriam on Juries, § 8 ; Proffatt on Jury Trials, §§ 111, 112. Besides, the plaintiffs by counsel stood by when the jury was withdrawn by defendants, and made no objection to the order of the court allowing the withdrawal. If they ever had any right to interpose objection to the granting of this order, they waived it by impliedly consenting to it. It would hardly be competent for them thus to consent to the granting of an order, and afterwards to be heard to question its validity. They will not be permitted to occupy the ambiguous attitude, of waiving or demanding a jury, whenever, in the progress of the cause, they may deem it advantageous to do so. Consent to cure error in legal proceedings may be implied as well as expressed.—Herman on Estoppel, §§ 822, 824, 835 ; *Tower v. Moore*, 52 Mo. 118.

[Dreyspring, Adm'r, v. Loeb.]

The court erred in not granting the motion of defendants for the transfer of said cause to the non-jury docket, where by the previous order of the court it rightfully belonged, and in overruling defendants' said motion.

Appellees have made no objection to the case being here by appeal; and we do not consider whether there was such a judgment rendered in the court below, as will support an appeal. Appellants make application, however, in the alternative, for a *mandamus* to the judge of the city court of Anniston, to show cause why he should not transfer for trial this cause from the jury to the non-jury docket of said court, and the cause is properly here for that remedy.—*Caldwell v. Houser*, 108 Ala. 125. Our conclusions will be certified below, and a rule *nisi* granted to said judge, to show why the writ of *mandamus* should not issue as prayed for, unless being certified of our conclusions on the facts presented, he shall proceed to hear and determine the cause without the intervention of a jury, or, unless he may desire to make answer to the petition and controvert the same.—*Ex parte Charleston*, 107 Ala. 688; *Ex parte Garland*, 42 Ala. 559.

Rule *nisi* for *mandamus* granted.