# Brock *v.* Louisville & Nashville Railroad Co.

*Action against Railroad Company as Common Carrier.*

1. *Pleading and practice; trial of cause by court without jury; right of party to demand jury after reversal on appeal; construction of statute.*—Under the statute regulating the practice and proceedings in civil cases in the Circuit Courts of Morgan and Madison counties, (Acts of 1894-95, p. 586), which pro-

[Brock v. Louisville & Nashville Railroad Co.]

vides that in all civil cases commenced in said courts the issues and questions of fact shall be tried by the court without the intervention of a jury, unless a jury be demanded by the plaintiff at the commencement of the suit or by the defendant, or any other party occupying the position of defendant, at the time he appears, such demand to be made by the plaintiff endorsing the same upon the summons and complaint or other paper filed by him, for the purpose of instituting the suit, or by the defendant or other party upon the plea or answer filed by him, a failure to make such demand as required by the statute is a waiver of a trial by jury, which holds throughout the life of the cause in the lower court; and, therefore, in a case where there was a waiver of a trial by jury by reason of the failure to make the demand as required by the statute, such a demand will not be granted upon a second trial of the cause, after the reversal of the former judgment on appeal to the Supreme Court.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellant, John L. Brock, against the Louisville & Nashville Railroad Company.

The first count in the complaint is against the defendant company as a common carrier in Code form. This suit was commenced Sept. 21st, 1895. The complaint was amended afterwards by leave of the court without objection by defendant, by adding a count for the failure by defendant company to deliver the goods received by it as a warehouseman for a reward. In neither count is there any averment of negligence on the part of defendant, or its servants or agents, for a failure to deliver the goods. The first, counts merely on the liability of defendant as a common carrier, and the second, against it as a warehouseman for failure to deliver the goods shipped. To the complaint as first filed, the defendant pleaded merely the general issue. After amendment, at another term, by adding the second count, it pleaded a special plea to the entire complaint, in substance that in and by the contract between plaintiff and defendant, it was expressly agreed, that the defendant should not be liable for any loss or damage to said goods by fire or other casualty, while in the depot or other place of recep-

tion of said goods at point of delivery; that this provision was reasonable; that the goods were destroyed by fire originating from cause unknown to defendant; that the goods were in said depot at point of delivery eight days after their arrival at said point, and that plaintiff was notified of their arrival, and had reasonable time to remove them after such notice and before the fire.

The plaintiff demurred to this plea on grounds substantially that defendant was prohibited from contracting against its own negligence; that there is nothing in said plea which shows that said fire was not caused by the negligence of defendant; and that the agreement set up in the plea, for aught appearing, was void as against public policy. The demurrer was overruled.

The plaintiff replied, 1st, that defendant did not properly watch and guard the warehouse in which the goods were stored, whereby the same were destroyed by fire; 2d that the fire occurred on the 15th February, 1895, about 9 o'clock P. M., and that on that same day, between 4 and 5 o'clock P. M., plaintiff by his servant and agent, one Thompson, demanded said goods, long before the fire occurred, and defendant had ample opportunity to deliver them, and refused to let plaintiff's agent and servant get said goods, although demanded by him; and several hours thereafter, said goods were destroyed by fire through the fault and wrong of defendant; and 3d, that at the time the goods were destroyed, defendant, under and by said contract mentioned in said plea, was holding said goods as a bailee for hire, and several hours before said fire occurred, and at a reasonable time before its occurrence, plaintiff by his agent and servant, demanded the delivery of said goods to him, but defendant through its own fault and wrong, refused to deliver the goods to plaintiff, whereby they were lost to him.

The defendant filed a rejoinder to the 2d of these replications, in which it was averred that plaintiff's agent and servant, Thompson, made no demand or request for the goods, but at the close of the business hours, and as dark was coming on, on the evening of the fire, Thompson was at the depot of defendant, about 5 o'clock, but did not demand said goods; that the depot, at that season was closed at 5 o'clock, and this fact was known to the

plaintiff and his servant, Thompson; that this time of day, at that season was about or after sunset; and was the usual time of closing said depot; that the lamps were lit in the office to furnish lights at that time; that no request was made for said goods and refused; that defendant was not a bailee for hire, but a mere naked bailee; that said Thompson's said servant knew it was closing time, or within five minutes thereof, when he was present, and asked for said goods, if any request was made by him for the same, and there was no time to deliver the same. The plaintiff demurred to this rejoinder, on several grounds, and his demurrer was sustained.

The case was tried on the plea of the general issue, and on issue joined on plaintiff's said replication. The facts pertaining to the request for the trial by jury, and the court's ruling thereon are sufficiently stated in the opinion.

Both parties demanded in writing a special finding on the facts by the presiding judge, which finding was made and reduced to writing and duly signed by the presiding judge and filed in the cause. Under the opinion on the present appeal, it is unnecessary to set out the facts of the case or the special finding of the judge. From the finding, so made, the court rendered a judgment in favor of the defendant, to which finding and judgment the plaintiff duly and separately excepted. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

S. T. WERT, O. KYLE and J. M. CHILTON, for appellant. The trial court erred in refusing to plaintiff a trial by jury.

The case had been tried and determined once, appealed to this court and reversed, and the bill of exceptions shows that on the *first* day of the *first* court held thereafter, this demand for trial by jury was made. It was a great constitutional right, and the demand was in time. It is contended first, that when plaintiff brought the suit and failed to demand a jury as required by practice act for this county (Acts 1894-95, p. 568), that this was a deliberate waiver of the right to a jury trial; but conceding this, it was not a waiver for all time. It was not a

more deliberate waiver, more solemn and efficacious as a waiver, than if plaintiff being entitled to a trial by jury had deliberately entered into a written agreement waiving the right.

The waiver in the one case, would confer no more rights on defendant than would the waiver in the other. It has been expressly held by this court, that a party in a civil cause entitled to a trial by jury, might by a written instrument waive that right, and then, after one trial without a jury, upon appeal to this court and reversal of the case, a jury trial could then be demanded as matter of right.—*Martin v. King,* 72 Ala. 354; *Stedham v. Stedham,* 32 Ala. 525. It has been held also in a criminal case by this court: *Cross v. The State,* 78 Ala. 430. Other jurisdictions have held the same: *Benbo v. Robbins,* 63 N. C. 422; 28 Am. & Eng. Ency. Law, 589; 1 Thompson on Trials, § 2.

THOMAS G. JONES, *contra.*

HARALSON, J.—1. The case was tried at the May term, 1896, of said circuit court, by and before the presiding judge, without a jury, under the "Act to regulate the practice and proceedings in civil cases in the circuit courts of Morgan and Madison counties," approved February 18th, 1895, (Acts 1894-95, p. 586). The trial resulted in a judgment for the defendant, from which the plaintiff appealed to the Supreme Court. The judgment was reversed and the cause remanded, at the November term, 1896. On the return of the case to the circuit court for another trial, at the first term thereafter, and on the first day of the term, the plaintiff filed in the cause a written demand for a trial by jury, and at a subsequent day of the term, when the cause was called for trial, and before the trial was entered upon,—the facts stated in the motion being admitted to be true,—the court overruled said motion and required the plaintiff to try without a jury. The plaintiff excepted, and thereupon, each party demanded a special finding on the facts by the presiding judge.—Code, §§ 3319, 3320, (2743, 2744).

[Brock v. Louisville & Nashville Railroad Co.]

The practice act for Morgan and Madison counties referred to above, in section 2, provides, that "In all cases whether commenced by summons and complaint, attachment or otherwise, the issues and questions of fact shall be tried by the court without the intervention of a jury, unless the jury be demanded by the plaintiff at the commencement of the suit, or by the defendant at the time he appears, or by any other person interested in such issue or question at the time he appears; such demand must be made by the plaintiff or party occupying the position of plaintiff, by indorsing the same in writing upon the summons and complaint, attachment, petition, claim or other paper filed by him, for the purpose of instituting such suit, or when he intervenes without such process, upon the pleading or paper filed by him, for the purpose of presenting such issue or question of fact; and by the defendant or other party occupying the position of defendant, including garnishee, by indorsing such demand in writing upon the demurrer, plea, answer, or other pleading filed by him," etc. The contention of appellant is, that a waiver, such as is provided for in said act, applies only to the particular trial at which it is made, and not to another trial, after the reversal of the cause on appeal to the Supreme Court, when it comes on again to be tried in the lower court; and, on the part of defendant, that a waiver when once made holds throughout the life of the cause in the lower court.

The question turns, of course, upon the construction of said practice act of 1894-95.

The terms of this statute as to a demand and waiver of a jury are the same in substance as those contained in the act to establish the city court of Anniston— Acts, 1892-93, p. 334, § 6. There, the requirement is, that in all civil causes at law in said court, "the issue and question of fact shall be tried by the court without the intervention of a jury, unless a jury be demanded by the plaintiff at the commencement of the suit, or when the cause is at issue, by indorsing such demand on the summons and complaint or other original process, or by indorsing such demand in writing on the plea, demurrer, or other proceedings," etc. In construing this latter act, we held, that the provisions of this act are mandatory,

and that a failure to make the indorsement as required was a waiver of a jury trial in the cause. In the case referred to we said: "It seems to us beyond the pale of controversy that the provisions of said section 6 are intended to secure trials of civil actions at law without the expense of juries, unless jury trials shall be demanded at the times, and in the manner they prescribe * * * Let it, then, be assumed, as counsel insist, for the sake of argument, that the language prescribing the time and manner would, unaffected by other language in connection with it, be treated as directory merely, to be violated at will by the suitor, and yet preserve to him the legal right to demand a jury trial at any time thereafter, we have the above quoted provision, in express terms, declaring that the failure to observe these very *directions* shall be held a waiver of the right, thus converting the direction into a mandatory provision."—*Ex parte Ansley*, 107 Ala. 613.

Again in another case in construction of this same statute, where plaintiffs had failed to demand a jury, we said: "The plaintiffs in this case did not demand a jury for its trial, and, therefore, so far as they were concerned, under the statute, the right for such a trial was forever waived."—*Knight v. Farrell*, 113 Ala. 258. It is true, in the Anniston court statute, there is a provision, to the effect, that when a cause is tried without the intervention of a jury, and a new trial is granted by the court, or when the same shall have been reversed and remanded by the Supreme Court, either party to the case may demand a jury, but that provision is wanting in the particular act before us. The statute deals with cases, not trials. We feel constrained to reaffirm our former holding, that when a jury is once waived under the statute, it is forever waived.—*Bailey v. Joy*, 132 Mass. 356; *Railroad v. Foster*, 10 Lea. (Tenn.) 351; *Heacock v. Lubkee*, 108 Ill. 641. The cases of *Martin v. King*, 72 Ala. 354, and *Cross v. The State*, 78 Ala. 430, it may be well to add, are distinguishable from the case at bar. The first of these was tried under section 3319 (2743) (3029) of the Code, which provides that an issue of fact in a civil case may be tried and determined by the court, without the intervention of a jury, whenever the parties or their

attorneys file an agreement in writing with the clerk waiving a jury. This statute deals with the trial of the particular case at a particular term. And the last cited case involves, not the construction of a statute, but an agreement of counsel made for the trial of a cause at a particular term.

2. We have carefully examined the finding of the court and the evidence in the cause. Without reviewing it at length, it is sufficient to say, that the facts set up in plaintiff's second replication on which, after the defendant's rejoinder thereto was overruled, issue was joined, appear from the evidence to have been satisfactorily established, and that the finding of the court otherwise on the facts was erroneous.

Reversed and remanded.