# Neal, *et al. v.* Watkins.

### *Assumpsit.*

(Decided April 15th, 1915.  68 South. 552.)

*Jury; Civil Cases; Default Judgment.*—Under Acts 1903, p. 574, section 917 (A), the words "all issue of fact" are used in a broad and comprehensive sense, including any question of fact that might be submitted to a jury, whether on issue joined on pleading, or where the ascertainment of the fact becomes necessary when the defendant does not plead or appear; hence where a defendant allowed a judgment nil dicit, and a judgment by default to go against him without claiming a jury, the court properly proceeded to hear proof to determine the amount of damages, and to ascertain and award the amount of the default judgment, without the intervention of a jury.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. M. Watkins against George A. Neal, and others, in assumpsit, and for deceit. There was judgment for plaintiff by default, and the court proceeded to award the damages, without the intervention of a jury. From such judgment the defendants appeal. Affirmed.

A. & F. B. LADATY, for appellant. The court was in error in ascertaining and awarding the damages without calling in a jury, the judgment being by default.—*Bevill*

*v. Reese,* 25 Ala. 451; *Patterson v. Blakeley,* 33 Ala. 338; *Porter v. Burleson,* 38 Ala. 343; *Rhea v. S. & P. Co.,* 59 Ala. 182.

LANIER & PRIDE, for appellee. The intervention of a jury was not required in the rendition of the judgment.—*Brock v. L. & N. R. R. Co.,* 26 South. 335; Acts 1903, p. 566.

PELHAM, P. J.—The appellee brought suit in the circuit court of Madison county against appellants on certain of the common counts, joining counts for fraud and deceit in the sale to plaintiff of 50 shares of stock in the "American Automatic Railway Switch Company." When the case came on for trial in the circuit court, the defendant John T. Yeatman failed to appear, but made default, and judgment was accordingly rendered against him. The defendant George A. Neal had entered an appearance and filed demurrers to the complaint, but the record does not show action taken on them, and it is to be presumed that they were abandoned. This defendant (Neal) failing to appear and defend when the case was regularly called for trial, a judgment nil dicit was rendered against him. After these judgments were rendered, the court proceeded to hear proof for the purpose of inquiring into and assessing the amount of damages, and ascertaining and awarding the amount of the judgment taken by default. The defendants in the trial court, Yeatman and Neal, as appellants here, sever in the assignment of error, and complain that the court erred in ascertaining and awarding the amount of damages without the intervention of a jury.

Section 917 (a) of the act approved October 12, 1903 (Acts 1903, p. 572), having reference to the practice and procedure of the trial court in which the case was tried, provides that "in all civil cases, all issues of fact shall

[Neal, et al. v. Watkins.]

be tried by the judge without a jury, unless the plaintiff at the time of filing his complaint or the defendant when first pleading, or within the time allowed by law for pleading, files a written demand for a trial by  *  *  * jury." We think a fair and reasonable construction of this provision to be that in all civil cases the judge is authorized to determine and pass upon all questions of fact properly coming before the court in disposing of civil cases without the intervention of a jury, where a jury has not been demanded in conformity with the requirements of the act. We do not think that the phrase "issue of fact," in the statute, is used in the narrow and restricted sense, as contended by appellants' counsel, but has a broad and comprehensive meaning including any question of fact that might be submitted to a jury, whether on issue joined on pleading presenting controverted facts to be decided by jury or court, or when the ascertainment of the fact becomes necessary where the defendant does not plead or appear. This expression, as used in the statute, we think is there used in its broadest sense, as distinguishing questions of fact from questions in law, and includes, not only such issues as are made up by the pleadings, but also every question of fact properly growing out of or arising upon the trial or disposition of the case. The evident purpose of the act was to dispense with a jury in the trial of civil cases, where a jury trial was not demanded as required by statute, and the appellants as defendants in the trial court, having failed to demand a jury in accordance with the statutory provisions, must be deemed to have waived their right to have a jury throughout every stage of the proceedings. "When a jury is once waived under the statute, it is forever waived."—*Brock v. L. & N. R. R. Co.*, 122 Ala. 172, 172, 178, 26 South. 335, 337.

Affirmed.