(76 South. 854)

## ROBINSON v. NEWTON GROCERY CO.
### (4 Div. 744.)

(Supreme Court of Alabama.  Nov. 15, 1917.)

1. JURY ☜25(8) — RIGHT TO JURY TRIAL — DEMAND — "PLEADING" — "SEPARATE WRITTEN INSTRUMENT."

A statement written on a replevy bond filed by defendant in action of detinue and signed by defendant's counsel, demanding trial by jury, is not a compliance with Gen. Acts 1915, p. 824, requiring a defendant who desires a jury trial to indorse his demand therefor on his initial pleading, or with Gen. Acts 1915, pp. 939–941, providing that if the defendant desires a trial by jury he shall file a written demand therefor with the clerk of the court within 30 days after the perfection of service on him, by indorsing such demand upon his initial pleading or by a separate written instrument, since the replevy bond is not a pleading, initial or otherwise, nor is the statement or demand thus made a separate written instrument.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pleading.]

2. JUDGMENT ☜106(1)—BY DEFAULT—WHEN PROPER — AVOIDING DEFAULT — EFFECT OF APPEARANCE.

Under Gen. Acts 1915, p. 825, providing that when the summons, writ of attachment, or other process has been executed on the defendant, or service perfected on him as required by law, either in term time or vacation, the defendant shall appear and plead, answer or demur thereto within 30 days, or be in default, and on motion of the plaintiff, judgment by default may be rendered against the defendant, the defendant's appearance alone is not sufficient to avert the plaintiff's right to a judgment by default.

3. APPEAL AND ERROR ☜957(1)—SCOPE—DEFAULT JUDGMENT.

The action of a trial court in declining to set aside a judgment by default will not be revised or disturbed on appeal, unless the discretion reposed in the trial court in such matters was abused.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by the Newton Grocery Company against C. R. Robinson. Judgment for plaintiff by default, and the defendant moved to set aside the default. From the order declining to set aside the default, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

B. F. Reid, of Dothan, for appellant. Farmer & Farmer, of Dothan, for appellee.

McCLELLAN, J. By the act approved September 25, 1915 (Gen. Acts, p. 824), it is provided that the right of a defendant in a civil case to a trial by jury depends upon the indorsement by the defendant (presumptively including his counsel), of a demand for a trial by jury on "his initial pleading." By the act subsequently approved on September 28, 1915 (Gen. Acts, pp. 939–941), it is provided:

"If the defendant or other person occupying the position of defendant or claimant desires a trial by jury he shall file a written demand therefor with the clerk of the court within thirty days after the perfection of service on him by indorsing such demand upon his initial plead-

ing or by a separate written instrument. * * * The failure to demand in writing a jury trial *as herein provided* shall be deemed and held a waiver of the right of a trial by jury, and either party demanding a trial by jury shall not have the right to withdraw such demand without the consent of the opposite party." (Italics supplied.)

[1] The statement written on a replevy bond filed by the defendant in an action of detinue and signed by defendant's counsel, demanding a trial by jury, is not a compliance with either of the acts cited above, since the replevy bond is not a "pleading," initial or otherwise; nor is the statement or demand thus made "a separate written instrument" within the purview of the act approved September 28, 1915. Under the terms of the act, there was a waiver on the part of this defendant to demand a trial by jury, the 30-day period after the perfection of service on him having expired before the judgment by default was taken and entered.

Amending Code, § 5346, the act approved September 28, 1915 (Gen. Acts, p. 825), provides:

"When the summons, writ of attachment, or other process has been executed on the defendant, or service perfected on him as required by law, either in term time or vacation, the defendant shall appear and plead, answer or demur thereto within thirty days, or be in default, and on motion of the plaintiff, judgment by default may be rendered against the defendant. The court may by rule entered on the minutes of the court prescribe the time and manner of calling cases for judgment by default.

"Sec. 2. That section 5347 of the Code of Alabama of 1907 be and the same is hereby repealed."

Rule 5, in force in the circuit court of Houston county when this judgment by default was taken, reads:

"Rule No. 5. *Judgments Final by Defaults.* On the first day of each term of the court the trial docket will be called and judgments by default entered where the party moving therefor is entitled to same. And such judgments may be entered on any other day of the term and also on any Saturday when the judge of the circuit is at the place fixed by law for holding the court."

[2] In application of the statute and rule, the court granted the plaintiff's motion for, and regularly entered, a judgment by default, the defendant not having pleaded, answered, or demurred within the 30 days prescribed; appearance, under the act quoted, if made, not being alone sufficient to avert the plaintiff's right to a judgment by default upon the expiration of the period provided by the act.

[3] The remaining question is whether the court erred in overruling the defendant's motion to set aside the judgment by default. It has been long settled that the action of a trial court in declining to set aside a judgment by default will not be revised or disturbed on appeal, unless the discretion reposed in the trial court in such matters was abused in the instance under review. Sparks v. Reeves, 165 Ala. 352, 358, 51 South.

---

574; Ex parte Parker, 172 Ala. 136, 138, 54 South. 572; Allen v. Lathrop Lumber Co., 90 Ala. 490, 492, 8 South. 129; Ex parte Doak, 188 Ala. 406, 415, 66 South. 64, among others. It cannot be affirmed that the trial, court abused its discretion in declining to set aside the judgment by default.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.