(104 So. 801)

## TAYLOR v. FARMERS' STATE BANK.
(4 Div. 228.)

(Supreme Court of Alabama. June 18, 1925.)

Jury ⬤25(6)—Demand for jury trial within 30 days after filing of sheriff's return not necessarily in time.

Under Code 1923, § 9498, providing for trial of civil cases without jury, unless defendant, in writing, demands jury trial within 30 days after perfection of service, service was perfected, in view of section 9419, by leaving copy of summons and complaint with defendant, and jury trial should have been demanded within 30 days thereafter, and not within 30 days after filing of sheriff's return.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by the Farmers' State Bank against J. H. Taylor. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Affirmed.

E. C. Boswell, of Geneva, for appellant.

Defendant has 30 days from the perfection of service in which to demand trial by jury. Perfection of service means not only the handing of copy to defendant, but includes the return of the sheriff and filing in the office of the clerk. Acts 1915, p. 939.

Mulkey & Mulkey, of Geneva, for appellee.

The demand was not filed within 30 days of service and came too late. Code 1923, § 9498.

MILLER, J. This is an action by the Farmers' State Bank against J. H. Taylor to recover certain personal property described in the complaint. The cause was tried by the court without a jury; judgment was rendered in favor of the plaintiff, and this appeal is prosecuted by the defendant from that judgment.

The defendant filed the following objection to the court trying the cause without a jury:

"The defendant objects to going to trial in this cause without a jury, for the reason that there was a demand for a jury within 30 days from the time that the return of the sheriff on the summons and complaint was filed in the clerk's office, which was filed on the 7th day of September, and the sheriff's return shows service on the 8th day of September. Defendant

offers to prove that this demand for a jury was filed within 30 days from the time the sheriff filed his return in the clerk's office."

The court overruled this objection, the defendant reserved an exception, and the court without a jury tried the cause. These are the errors assigned.

The plaintiff did not demand a trial by jury. That part of the statute (section 9498, Code 1923) applicable to this cause reads as follows:

"All civil cases at law shall be tried and determined by the court without a jury * * * unless the defendant * * * shall demand in writing a trial by jury within thirty days after the perfection of service on him."

This suit was commenced on September 7, 1923. A complaint setting forth the cause of action of the plaintiff, signed by its attorney, was filed with the clerk on September 7, 1923, and a summons was issued by the clerk of the court, and it was accompanied by this complaint. The sheriff of the county entered this indorsement thereon:

"Received this September 7, 1923, and executed this 8th day of September, 1923, by leaving a copy of the witnin summons and complaint with J. H. Taylor."

J. H. Taylor is the defendant in the cause. The defendant on November 27, 1923, filed his pleas to this complaint, and his attorney wrote, signed, and had filed on November 27, 1923, the following thereon:

"The defendant hereby demands a trial of this cause by a jury."

This defendant waived a trial by jury unless he demanded it in writing within 30 days after the perfection of service on him. Section 9498, Code 1923. The summons must be executed by the sheriff or other officer in any county, by leaving a copy of the summons and complaint with the defendant. Section 9419, Code 1923. The sheriff of this county left a copy of this summons and complaint with this defendant on September 8, 1923. This perfected service on the defendant. The defendant had then within 30 days thereafter the right to demand in writing a trial by jury, and, if he failed to do so within that time, his right to a trial of the cause by jury was waived. The defendant demanded in writing a trial by jury and filed it on November 27, 1923. It was demanded and filed too late. It was then more than 30 days after the perfection of service on him. It is true the sheriff must return with the process the fact showing how and when and on whom the service was made; but the 30 days within which the defendant may demand a trial by a jury do not begin to run nor depend on the time the sheriff makes and files his return on the process with the clerk of the court. The written demand of defendant for a jury trial was filed too late, and the court did not err in overruling the objection of the defendant to the cause being tried by the court without a jury. The court did not err in trying the cause without a jury. Section 9498, Code 1923; Carothers v. Callahan, 207 Ala. 611, headnote 4, 93 So. 569; Robinson v. Newton, 200 Ala. 528, 76 So. 854; Knowles v. Blue, 209 Ala. 27, headnotes 5, 6, 95 So. 481.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.