173 So. 55

**ALABAMA UTILITIES CO. v. STAGGERS.**

4 Div. 934.

Supreme Court of Alabama.

April 15, 1937.

102

Little & Lightfoot, of Luverne, for appellee.

BOULDIN, Justice.

On appeal from the judgment rendered on the main trial in the cause, a bill of exceptions, presented within ninety days after the judgment overruling a motion for new trial, is within time; and may present for review questions properly raised on the main trial, as well as the ruling on motion for new trial. The statutes expressly so provide. Code, §§ 6433, 6088, 6101; J. H. Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305; Mitchell v. Birmingham News Co., 223 Ala. 568, 137 So. 422; Lester v. Gay, 217 Ala. 585, 117 So. 211, 59 A.L.R. 1561; Tucker et al. v. Houston, 216 Ala. 43, 112 So. 360; Rob-

Sentell & Sentell, of Luverne, for appellant.

erts v. Bellew, 229 Ala. 333, 157 So. 216; Patterson v. State, 229 Ala. 270, 156 So. 567.

 The motion for new trial having been duly filed, kept alive by proper orders, and overruled on May 6th, the bill of exceptions presented August 4th was in time. The motion here made to strike same is overruled.

Civil cases at law "shall be tried by the judge" without a jury "unless a jury trial be demanded," etc. Plaintiff's demand must be "at the commencement of the suit." Code, § 8593.

The plaintiff shall indorse his demand for jury trial in writing on the "summons and complaint, the attachment or other process or paper filed by him for the purpose of instituting the suit, or by filing a separate written demand with the clerk of the court at the commencement of the suit." Code, § 8594. The filing of the complaint is the "commencement of suit." Code, § 8967.

These statutes, codified from Acts of 1915, p. 939, § 1, followed in essential details the wording of preexisting acts of local application.

These local acts had theretofore been held mandatory in their provisions. Ex parte Ansley, 107 Ala. 613, 18 So. 242; Brock v. Louisville & Nashville Railway Co., 122 Ala. 172, 26 So. 335.

This construction has been followed expressly, or impliedly, in construing the Code sections above. Robinson v. Newton Grocery Co., 200 Ala. 528, 76 So. 854; Taylor v. Farmers' State Bank, 213 Ala. 356, 104 So. 801; Carothers v. Callahan et al., 207 Ala. 611, 93 So. 569; Florida Nursery & Trading Co. v. Watson, 201 Ala. 97, 77 So. 391; Eidson v. McDaniel, 216 Ala. 610, 114 So. 204; City of Mobile v. Grayson, 220 Ala. 349, 125 So. 221.

Without dispute, plaintiff's demand for jury trial in the instant case was not made at the commencement of the suit, but by separate instrument left with the clerk several days later and after service of summons and copy of complaint on defendant.

Plaintiff had waived the right of trial by jury. Defendant made no demand for jury trial. The statute expressly declares that in such event the case shall be tried by the judge. It was not within the discretion of the court on his own motion nor on the motion of plaintiff to transfer the cause to the jury docket.

On motion of defendant, made before entering upon the trial, the cause should have been retransferred to the nonjury docket. Refusal of such motion is error to reverse.

It seems hardly necessary to say Supreme Court Rule 45 has no application. These statutes were enacted in the interest of economy, the saving of public funds, and for greater dispatch of business. They should be enforced as written.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.