318

66 So.2d 893

**STERLING BRAID CORP. v. STATE.**

**7 Div. 193.**

Supreme Court of Alabama.

June 30, 1953.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Burton and Jas. R. Payne, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This is an appeal from a judgment of the Circuit Court of Etowah County, tried without a jury, against Sterling Braid Corporation, claimant and appellant.

The State of Alabama had obtained a judgment against Pioneer Fabric Corporation and a writ of execution had issued to the sheriff of Etowah County who, pursuant to said writ of execution, made a levy on certain personal property which was found on the floor of the Pioneer Fabric Corporation's plant at Gadsden. This levy was made on June 29, 1950. On this same date Sterling Braid Corporation filed a claim to the personal property by filing an affidavit and claim bond with the sheriff as provided by Title 7, section 1168, Code 1940.

At the time the appellant filed its claim and made the bond it did not demand a trial by jury. On July 11, 1950 the claimant filed a demand for jury trial. When the cause came on to be heard the State of Alabama made a motion to strike the claimant's demand for trial by jury, and the motion was granted by the circuit court. On the 18th day of September, 1950, judgment was entered by the court in favor of the State of Alabama.

This cause was submitted on May 26, 1953 and the appellant states in brief that the only question raised on this appeal is the refusal of the trial court to grant the appellant's demand for trial by jury.

The pertinent part of section 260, Title 7, Code, is as follows:

"All civil cases at law shall be tried and determined by the court without

a jury unless the plaintiff indorse in writing his demand for a trial by jury on the summons and complaint, attachment, or other process or paper filed by him for the purpose of instituting suit, or by filing a separate written demand with the clerk of the court at the commencement of the suit, or unless the defendant or other party occupying the position of defendant shall demand in writing a trial by jury within thirty days after the perfection of service on him, or unless the claimant shall demand in writing a trial by jury at the time of the filing of his claim."

In the case of Alabama Utilities Co. v. Staggers, 234 Ala. 101, 173 So. 55, 56, this Court said:

"Civil cases at law 'shall be tried by the judge' without a jury 'unless a jury trial be demanded,' etc. Plaintiff's demand must be 'at the commencement of the suit.' Code, § 8593. * * *

"Plaintiff had waived the right of trial by jury. Defendant made no demand for jury trial. The statute expressly declares that in such event the case shall be tried by the judge. It was not within the discretion of the court on his own motion nor on the motion of plaintiff to transfer the cause to the jury docket."

■ The decisions which construe the provisions of Title 7, section 1168, Code, provide that a claimant is required to do two things which are stated in Mobile Life Ins. Co. v. Teague, 78 Ala. 147:

"First, he must make affidavit that he has a just claim to the property levied on; and, secondly, he must execute a forthcoming bond, conditioned and payable in the manner and amount prescribed by the statute.—Code, 1876, §§ 3341–44, 3290–91, 3676. We have held that these requirements are jurisdictional, and that, in the absence of a claim interposed in substantial accordance with the statute, and conducted in the manner the statute requires, the court has no jurisdiction to try such an issue, and derives none from the mere consent of the parties litigant.—Walker v. Ivey, 74 Ala. 475; Graham v. Hughes, 77 Ala. 590." See Ex parte McFry, 218 Ala. 21, 117 So. 464; City Holding Co. v. Hosch, 220 Ala. 113, 124 So. 291.

■ This Court has also held that the writ of execution and return and the claim bond and affidavit filed by the claimant constitute the record in a claim suit. This principle is stated in the case of McDonald v. Stephens, 204 Ala. 359, 85 So. 746, 748, as follows:

"When the officer making the levy returns the writ, together with the bond and affidavit of the claimant, they become papers of record in the cause * * * and are the basis of the court's jurisdiction to proceed to the trial of the claim * * *."

■ Referring once again to section 260, Title 7, the statute requires that "All civil cases at law shall be tried and determined by the court without a jury * * * unless the claimant shall demand in writing a trial by jury at the time of the filing of his claim." As stated above, the claim bond and affidavit were filed on June 29, 1950, and the demand for jury was filed July 11, 1950. Since the jury demand was not made by the claimant "at the time of the filing of his claim", it follows that the action of the circuit court in denying the demand for jury trial was correct and should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.