This is an appeal from an order granting a motion to dismiss by the Circuit Court of Colbert County, Alabama. John A. Lambert, Jr. contends that Rule 78, A.R.Civ.P., requires the trial court to provide an opportunity for a hearing before a motion to dismiss can be granted. We agree and reverse.
The case involves the following facts:
The Alabama Real Estate Commission revoked John A. Lambert, Jr.'s real estate broker's license on April 17, 1984. Lambert appealed this ruling to the Circuit Court of Colbert County, Alabama. A motion to dismiss the appeal was filed in behalf of the Alabama Real Estate Commission by the attorney general's office. The court granted the motion to dismiss on April 5, 1985, without giving Lambert an opportunity to be heard. Lambert then filed a motion for a new trial or, in the alternative, a rehearing. The trial court denied this motion without affording Lambert a hearing, and Lambert appealed to this court.
Rule 78, A.R.Civ.P., requires a circuit court to have an oral hearing before it grants a motion to dismiss. The commentary to Rule 78 states: "In the event the court has any inclination toward the granting of a motion to dismiss, a hearing will continue to be required." In this case John Lambert, Jr. was not given an oral hearing on the motion to dismiss. Therefore, the trial court should not have granted the motion to dismiss. The trial court further erred when it failed to afford Lambert a hearing prior to the denial of his motion for a new trial. Lambert specifically requested in his motion for a new trial that he be given an oral hearing. Rule 59 (g), A.R.Civ.P., requires that a post-trial motion cannot be ruled upon until the parties have had an opportunity to be heard thereon. Steelv. Steel, 402 So.2d 1036 (Ala.Civ.App. 1981). We reverse the judgment of the circuit court and remand the cause to that court for a proceeding consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.