RICHARD L. HOLMES, Retired Appellate Judge.
Klapal Contracting (Klapal) filed a complaint against Donald McCorkle. On August 9, 1994, after a hearing on the merits, the trial court entered a judgment in favor of Klapal in the amount of $10,857.82, plus costs..
In January 1995 Klapal attempted to collect its judgment against McCorkle and filed an alias writ of execution to be issued against an excavator that belonged to McCorkle. The clerk’s office issued the writ of execution on January 18, 1995, and the writ was executed by the sheriffs office on January 20, 1995. '
On February 7, 1995, Peoples Community Bank (Bank) filed a motion to dissolve the levy and execution against the excavator belonging to McCorkle on the grounds that the Bank had a perfected security interest in the excavator and that the balance owed to the Bank by McCorkle exceeded the value of the excavator.
On February 8,1995, the trial court issued an order, granting the Bank’s motion and dissolving the levy and execution of the excavator owned by McCorkle on the condition that the Bank would file an affidavit and exhibits which demonstrated that the Bank had a perfected security interest in the excavator. Klapal was given ten days to file any objections to this order.
On February 21, 1995, the Bank filed an affidavit and exhibits which demonstrated that the Bank had a perfected security interest in the excavator. On the same date, the trial court issued an order which dissolved the levy and execution against the excavator belonging to McCorkle.
*526 On February 23, 1995, Klapal filed a document entitled “[Klapal’s] Objection to Interference with Execution and Motion to Set Aside Order Dissolving Execution.” Klapal alleged that the Bank’s attorney failed to send “any kind of notice or paperwork to [Klapal’s] attorney until 2/20/95, which was sent to an old address and [was] not received until noon [on] 2/23/95 (and which would not have even been received until after the court’s ruling on 2/21/95 even if sent to the correct address).” Klapal further alleged that there was no legal basis for the Bank’s interference with this lawful execution. Kla-pal requested a hearing on “this execution matter.”
On March 1,1995, the trial court, without a hearing, denied Klapal’s motion to set aside the order dissolving the execution.
Klapal appeals.
The document filed by Klapal on February 23,1995, was essentially a motion under Rule 59(e), Ala.R.Civ.P., to alter, amend, or vacate the trial court’s order of February 21, 1995. Klapal specifically requested that the trial court schedule a hearing on “this execution matter.” As previously noted, the trial court denied the motion, without scheduling the requested hearing.
Rule 59(g), Ala.R.Civ.P., provides that Rule 59 motions “shall not be ruled upon until the parties have had opportunity to be heard thereon.”
In light of the above, the trial court, in this instance, considering the paucity of the record before this court, committed reversible error when it failed to hold a hearing on Klapal’s motion to set aside the order dissolving the execution. See Walls v. Bank of Prattville, 554 So.2d 381 (Ala.1989), rev’d on other grounds, 575 So.2d 1081 (Ala.1991); Lambert v. Alabama Real Estate Comm’n, 479 So.2d 68 (Ala.Civ.App.1985); 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 59.10 (2d ed. Supp.1993). Consequently, the trial court’s judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
As the above is dispositive of this case, we pretermit discussion of the remaining issues raised on appeal.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.