PER CURIAM.
On January 10, 1995, Billy Phillips filed a complaint in the St. Clair County Circuit Court, seeking a divorce from Louise G. Phillips. Filed simultaneously with the complaint were the “answer and waiver” of the wife, the “testimony” of the husband, the wife’s “acknowledgement of representation,” the husband’s “notice of testimony for submission,” and the “agreement of the parties.” Thereafter, on January 18, 1995, the trial court entered a final judgment of divorce that incorporated the agreement entered between the parties.
On January 31, 1995, the wife filed a motion under Rules 59(e) and 60(b), Ala.R.Civ. P., requesting that the trial court vacate or set aside the final judgment of divorce. The wife alleged that the agreement of the parties, which had been incorporated into the divorce judgment, was due to be set aside and held for naught because she had entered into it without legal representation and without full knowledge of its contents and consequences, because it was inequitable, and because it was the product of fraud, misrepresentation, or other misconduct by the husband. The wife requested that the trial court set a hearing on her motion.
The next day, the trial court “overruled and denied” the wife’s motion to set aside the final judgment of divorce, without holding a hearing.
The wife appeals, contending that the trial court erred by denying her post-judgment motion without holding a hearing and without affording her an opportunity to be heard.
A motion to alter, amend, or vacate a judgment “shall not be ruled upon until the parties have had opportunity to be heard thereon.” Rule 59(g), Ala.R.Civ.P. The wife specifically requested that the trial court schedule a hearing on her motion to set aside the final judgment of divorce. As previously noted, the day after the wife’s motion was filed, the trial court “overruled and denied” the motion without scheduling the requested hearing, thereby denying the parties an opportunity to be heard.
Accordingly, the trial court, considering the scant record before us, committed reversible error by failing to hold a hearing on the wife’s motion to set aside the final judgment of divorce. See Walls v. Bank of Prattville, 554 So.2d 381 (Ala.1989), rev’d on other grounds, 575 So.2d 1081 (Ala.1991); Klapal Contracting v. McCorkle, 666 So.2d 525 (Ala.Civ.App.1995); Lambert v. Alabama Real Estate Comm’n, 479 So.2d 68 (Ala.Civ.App.1985); 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 59.10 (2d ed. Supp.1993). Consequently, the judgment of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.