RICHARD L. HOLMES, Retired Appellate Judge.
Klapal Contracting (Klapal) appeals from the September 18, 1995, order of the trial court which granted the motion filed by Peoples Community Bank (Bank) to dissolve a writ of execution issued against an excavator that belonged to Donald McCorkle.
The September 18, 1995, order also denied Klapal’s objection to the motion to dissolve. This ease has previously been before this court. See Klapal Contracting v. McCorkle, 666 So.2d 525 (Ala.Civ.App.1995).
Our review of the record reveals the following pertinent facts: In August 1994 Kla-pal obtained a judgment against McCorkle in the amount of $10,857.82, plus costs. In January 1995 Klapal attempted to collect its judgment against McCorkle by filing an alias writ of execution, to be issued against an excavator that belonged to McCorkle.
Thereafter, the Bank filed a motion to dissolve the levy and execution against the excavator on the grounds that the Bank had a security interest in the excavator and that the balance owed to the Bank by McCorkle exceeded the value of the excavator. The Bank filed the affidavit of Billy Lanford, its president, which described the Bank’s interest in the excavator.
*436 The trial court issued an order, dissolving the levy and execution against the excavator.
On appeal, we reversed the judgment of the trial court and remanded the case to the trial court for a hearing, which Klapal had requested. Klapal Contracting, 666 So.2d 525.
After remand, the trial court held a hearing and issued its September 18,1995, order. This appeal followed.
On appeal, Klapal argues that the Bank does not have any legal or factual basis upon which to ask the trial court to grant a stay of execution. Additionally, in part, Kla-pal maintains that the only avenue through which the Bank, as a non-party to the writ of execution, might assert its interest in the seized property is through Ala.Code 1975, § 6-6-160, and that the Bank never filed a bond, as required by § 6-6-160.
Section 6-6-160 provides, in pertinent part:
“When an execution ... is levied on personal property as to which any person not a party to the writ claims to own the title, legal or equitable, or a lien paramount to the right, title or interest in the property of the defendant in the writ, such person may try the right to such property before a sale thereof upon making affidavit ... that he holds such title to, or such lien upon, the property claimed and executing bond....”
As our supreme court noted in Hall v. Mazzone, 486 So.2d 408 (Ala.1986), § 6-6-160 comes into play in cases where personal property is levied upon under a writ of execution or attachment.
Our supreme court indicated in Sterling Braid Corp. v. State, 259 Ala. 318, 66 So.2d 893 (1953), that the statutory requirements of making an affidavit and executing a bond are jurisdictional and that the court does not obtain jurisdiction over the matter if these statutory requirements are not observed.
We have reviewed the record. While the Bank filed an affidavit stating its interest in the excavator, we do not find any record of the Bank’s executing a bond as required by § 6-6-160.
Consequently, we have no alternative but to reverse the judgment of the trial court and to remand the case to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.