This appeal is from a judgment of the Circuit Court granting declaratory and injunctive relief. We affirm.
Barbara T. Julien deposited three separate sums of money in two different savings and loan institutions. These deposits were made in the name of Barbara T. Julien or Virginia N. Carr or Mary L. Hines with right of survivorship. When Ms. Julien *Page 14 
died, Ms. Carr filed an action seeking a temporary restraining order prohibiting the two savings and loan associations from disbursing these funds. Ms. Carr also sought a declaratory judgment as to her rights and interests in the deposits as against the other survivor, Ms. Hines. The temporary restraining order was granted and the trial on the merits was consolidated with the hearing for a preliminary injunction.
The case was tried on a stipulation of the parties and additional testimony. The trial court issued findings of fact and conclusions of law, and the effect of the final judgment was that the funds were the equal property of Ms. Carr and Ms. Hines. It appears from the record that Ms. Hines attempted to show that the decedent, Ms. Julien had made an inter vivos gift of these deposits to her alone, however, the trial court foreclosed this attempt by sustaining Ms. Carr's objections. The trial court felt that Code 1975, § 5-16-45, was dispositive of the rights asserted by the appellant. We agree with that determination.
In Street v. Hilburn, 295 Ala. 232, 326 So.2d 724 (1976), this Court determined that Code 1975, § 5-16-45, was "clear in its meaning and intent that the survivor of a joint bank account is entitled to the proceeds." The operation of the statute is expressly extended to situations where a deposit is made in the names of more than two persons if there is a provision for survivorship, and we feel that the judgment of the trial court is entirely consistent with this statute.
The appellant argues that this statute does not preclude post-death inquiries into the ownership of funds in a joint savings and loan account. However, we are convinced that this statute was enacted to foreclose these inquiries, absent allegations of fraud, duress, mistake, incompetency or undue influence. See, McEniry v. Coats, 333 So.2d 568 (Ala. 1976).
For the reasons stated, this decision is in all respects affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.