Jenkins Logan (Jenkins) appeals from a final judgment in favor of the plaintiff, *Page 1240 
Citizens National Bank of Opp, entered after an ore tenus
hearing in an action to recover money paid to Jenkins pursuant to a certificate of deposit. We reverse and remand.
The issue presented by this appeal is whether the designation of a beneficiary to receive the proceeds of a payable-on-death certificate of deposit is a testamentary act which is void for failure to comply with the Probate Code, Code of Alabama (1975), § 43-8-131.[1]
Ed Logan (Ed) made an original deposit of $7,951.95 on September 3, 1976, in the Citizens National Bank. Citizens Bank issued its certificate of deposit No. 2272 at that time.
On February 11, 1981, Ed reported to the Bank that the certificate was lost, stolen, or destroyed. Citizens Bank prepared an agreement ("Hold Harmless Agreement") signed by Ed stating that he would hold the Bank harmless from loss under certificate of deposit No. 2272, by reason of the issuance of a new certificate of deposit. However, Citizens Bank did not issue a new certificate.
On June 17, 1981, Ed and his son, Jenkins, went to Citizens Bank where Ed requested that the Bank change the name of the depositor to "Ed Logan P.O.D. Jenkins Logan." Citizens Bank changed its copy of the original certificate to reflect the requested change. In addition, Ed signed the Bank's copy and two Bank officers initialed it.
Ed died testate on March 15, 1982. On April 28, 1982, Citizens Bank paid the sum of $9,803.04 to Jenkins by cashier's check. That amount represented the principal and accrued interest due on the certificate of deposit purchased by Ed. At the time the proceeds were paid, Jenkins was asked to sign the "Hold Harmless Agreement" previously executed between Citizens Bank and Ed. Jenkins was told that his signature was an acknowledgment that he had received the money.
Lillie Logan, as executrix of the estate of Ed Logan, sought to recover from Citizens Bank the principal and accrued interest due on the certificate of deposit, claiming it to be an asset of the estate. Citizens Bank filed a third-party complaint against Jenkins, asserting its right to recover money paid out to Jenkins should it have to pay the executrix. The third-party complaint, the subject of this appeal, was severed from the original complaint. The lower court, in the original action, rendered a judgment in favor of the executrix and against Citizens Bank for $10,563.24. In the third-party action, the lower court rendered a judgment in favor of Citizens Bank and against Jenkins for $10,563.24, the amount recovered by the executrix.
This Court has not specifically dealt with ownership rights of payable-on-death certificates of deposits. However, title to funds held in joint savings accounts with right of survivorship has been dealt with by this Court and statutorily. Alabama Code (1975), § 5-16-45; Street v. Hilburn, 295 Ala. 232,326 So.2d 724 (1976); Hines v. Carr, 372 So.2d 13 (Ala. 1979). "This Court determined that Code § 5-16-45 was `clear in its meaning and intent that the survivor of a joint bank account is entitled to the proceeds.'"[2] *Page 1241 Hines, 372 So.2d at 14. This statute extends to situations where a deposit is made in the names of more than two persons, if there is a provision for survivorship; and post-death inquiries into the ownership of the funds in a joint savings and loan account are foreclosed, unless fraud, duress, or undue influence is alleged. Id.
In 1980, § 5-5A-41 was enacted, which provides:
 "(a) Any deposit heretofore or hereafter made in any bank in the names of two or more persons payable to any of such persons, upon the death of either of said persons, may be paid by the bank to the survivors jointly, irrespective of whether or not:
 "(1) The form of the deposit or deposit contract contains any provision for survivorship;
 "(2) The funds deposited were the property of only one said person;
 "(3) There was at the time of making such deposit any intention on the part of the person making such deposit to vest the other with a present interest therein;
 "(4) Only one of said persons during their joint lives had the right to withdraw such deposit;
 "(5) There was delivery of any bank book, account book, savings account book, certificate of deposit or other writing by the person making such deposit to the other of such persons; or
"(6) Any other circumstances.
 "The bank in which such deposit is made may pay such deposit, or any part thereof or interest thereon, to either of said persons, or if one is dead, to the surviving of them, and such payment shall fully release and discharge the bank from all liability for any payment so made.
 "(b) The provisions of this section shall apply to savings accounts, checking accounts and certificates of deposit and shall also apply to any deposit made in the names of more than two persons where there is an express written provision for survivorship in the deposit contract.
 "(c) Nothing contained in this section shall be construed to prohibit the person making such deposit from withdrawing or collecting the same during his lifetime; nor shall anything contained in this section prohibit any person or persons making a deposit in the names of more than one person from providing for disposition of such deposit and interest thereon in a manner different from that provided above in this section, provided such different manner of disposition is expressly provided for in writing in the deposit contract."
This section concerns the right of a bank to pay the balance of such an account to the surviving designee and does not govern ownership of the funds. The fact that the bank may properly pay the balance to a designee demonstrates the validity of such an account even though the account is not created with the formality required by the Probate Code.
The Supreme Court of Virginia has held that title to funds in a bank account payable on death to a named survivor is to be determined by the rules pertaining to the interpretation of contracts, in which the depositor's intention is the important consideration. Virginia National Bank v. Harris, 220 Va. 336,257 S.E.2d 867 (1979). The Virginia court also noted that the right to receive such payment may be defeated upon a showing of such things as fraud, mistake, undue influence, or incapacity to form intent at the time the account was *Page 1242 
created. Id., 257 S.E.2d at 870. A statute, very similar to our Code § 5-5A-41, was in effect at the time the Virginia court rendered its decision in Harris.[3] Furthermore, the 1979 Virginia General Assembly enacted a statute providing that "transfers resulting from the use of a P.O.D. account are effective by reason of the account contracts involved, and are not considered as testamentary acts or subject to the Statute of Wills." Id. 257 N.E.2d at 871, n. 3.
There is considerable variance among the states concerning the theory upon which title to funds in bank accounts in the name of two or more persons will be determined. 10 Am.Jur.2dBanks § 369-389 (1963). Several states have relied on the theory that under the contract between the depositor and the bank, the codepositor is entitled to the deposit on the death of the original owner of the funds deposited. Id. at § 386.
The Tennessee Court of Appeals in Peoples Bank v. Baxter,41 Tenn. App. 710, 298 S.W.2d 732 (1956), relied on the theory of a donee third-party beneficiary. That theory has been consistently followed by the Tennessee courts. Melhorn v.Melhorn, 208 Tenn. 678, 348 S.W.2d 319 (1961); Buntin v.Meriwether, 56 Tenn. App. 492, 408 S.W.2d 667 (1966); Merchants Planters Bank v. Myers, 644 S.W.2d 683 (Tenn.App. 1982).
From the evidence presented, we cannot agree with the lower court's determination that Citizens Bank should recover the money paid to Jenkins pursuant to the P.O.D. certificate of deposit. "Furthermore, we are not bound by that Court's findings because our ore tenus rule of review does not obtain where, as here, the lower court misapplied the law to undisputed facts." Security Insurance Co. of Hartford v. Smith,360 So.2d 280, 283 (Ala. 1978); Steel City Erection Co. v.Johnson-Rast Hays, Inc., 402 So.2d 1014 (Ala.Civ.App. 1981).
"A certificate of deposit is construed by applying the same rules of construction which are used in the construction of other written instruments." Michie on Banks and Banking, Volume 5B, Section 317, quoted in Peoples Bank v. Baxter, 41 Tenn. App. 710, 298 S.W.2d 732, 738 (1956).
The intention of the parties controls in construing a written contract, and the intention of the parties is to be derived from the contract itself, where the language is plain and unambiguous. Food Service Distributors, Inc. v. Barber,429 So.2d 1025 (Ala. 1983).
We conclude that a beneficiary's title to a payable on death certificate of deposit is to be determined by the law of contracts rather than by the law relating to wills.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] "Section 43-8-131. Execution and Signature of Will; witnesses.
 "Except as provided within section 43-8-135, every will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."
[2] "Section 5-16-45.
 "When a deposit has been made or shall hereafter be made in any savings and loan association in this state in the names of two persons, payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the persons making such deposit to vest the other with a present interest therein, irrespective of whether or not only one of said persons, during their joint lives, had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any account book or savings account book by the person making such deposit to the other of such persons. This section will also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship. Nothing in this section shall be construed to prohibit the person making such deposits from withdrawing or collecting the same during his lifetime, nor shall the fact that such person had the right to withdraw or collect said deposit during his lifetime operate to defeat the rights herein provided for the person or persons surviving such depositor."
[3] "Virginia Code (1950), § 6.1-77:
 "A deposit in the name of a depositor payable on his death to a named survivor or survivors may be paid to the named depositor during his lifetime and the receipt of the named depositor shall be a complete release of the bank or trust company for such payment. Upon the death of the depositor, the bank or trust company may pay the deposit to the survivor or survivors, whether any such survivors be a minor at the time or not, and the receipt of the survivor or survivors shall be a complete release of the bank or trust company. If the survivor be the spouse of the named depositor at the time of the death of the named depositor, such deposit shall vest in such surviving spouse. No bank or trust company paying to such survivor or survivors shall become liable for any estate or inheritance taxes. The term `deposit' shall include certificate of deposit." *Page 1243