HOLMES, Judge.
This is a teacher tenure case.
On December 10, 1985, the County Superintendent of Education (Superintendent) *1179 issued a work schedule to be followed by all twelve-month employees. Three employees, pursuant to § 16-24-37, Ala. Code (1975), filed a direct appeal to the Alabama State Tenure Commission (Tenure Commission), alleging that the Superintendent’s action amounted to a cancellation of their continuing contracts of employment and a substitution of a new contract without notice or a hearing.
On April 22, 1986, the Tenure Commission dismissed the employees’ appeal for lack of jurisdiction. The employees then filed a writ of mandamus in the Calhoun County Circuit Court. The circuit court then affirmed the action of the Tenure Commission.
The employees now appeal to this court. We affirm.
The dispositive issue on appeal is whether the Tenure Commission lacked jurisdiction over the employees’ appeal. Put another way, did a “two-day” change in the work schedule of a twelve-month contract employee amount to a cancellation of his contract?
The Tenure Commission is a creature of statute, Ala. Code (1975), §§ 16-24-1 through -38, and its jurisdiction is equally a matter of statutory grace. Bryan v. Alabama State Tenure Commission, 472 So.2d 1052 (Ala.Civ.App.1985). The Tenure Commission has the power to review teacher transfers, pursuant to Ala. Code (1975), § 16-24-7, and it can likewise review contract cancellations, pursuant to Ala. Code (1975), § 16-24-10.
In the present case there is no claim that the employees have been transferred. Rather, the employees contend that, as a result of their new work schedule, they will be required to work two uncompensated days. In other words, they claim that their contracts of employment were canceled and a new one substituted, thereby allowing the Tenure Commission jurisdiction over this matter. We disagree.
It appears from the record that the employees had in the past been allowed two days off during the “AEA” holidays as a perquisite to their employment. The record reveals, however, that, after discrepancies concerning holidays were discovered among the twelve-month employees, the Superintendent issued a uniform work schedule for all twelve-month employees. This new work schedule, as indicated, caused the employees here to work an additional two days.
The employees here are working pursuant to a twelve-month contract. This twelve-month contract is distinctively different from the standard “180-day” contract for regular classroom teachers. The “180-day” contract requires a set number of teaching days, whereas the twelvemonth contract does not make any such requirement.
To this court the contracts involved here are not being canceled. The employees are still working under their original twelvemonth contracts. It appears that no provision of the employees’ contracts was altered. Their job assignments remained the same, and their salaries remained constant. Without some identifiable modification of the contract document, there would appear to be no cancellation. Without a cancellation there is no action on the part of the Superintendent, over whom the Tenure Commission has jurisdiction. At most, the employees have alleged a change in one of the perceived perquisites of their job. The ceasing of such a perquisite in this case does not appear to amount to a cancellation of the employees’ contracts.
The County Board of Education through its Superintendent is charged with the administration of the County’s public school system. Ala. Code (1975), § 16-8-9. This gives it broad authority to act in the best interest of the County’s educational policies. This includes the right to make decisions affecting personnel. Hargett v. Franklin County Board of Education, 374 So.2d 1352 (Ala.1979). Unless these actions fall within the narrow limits described in Ala. Code (1975), §§ 16-24-7 and -10, they are not reviewable by the Tenure Commission.
The instant controversy arises out of the Board’s exercise of its right as an employer to set a reasonable and fair work schedule *1180 for all its twelve-month contract employees. Therefore, the subsequent addition of two days to the work schedule of the employees here does not in this case amount to a contract cancellation.
In view of the above, the Tenure Commission did not err in dismissing the employees’ action for lack of jurisdiction.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.