HOUSTON, Justice.
The Winston County Board of Education (“Winston County Board”) appeals from a summary judgment entered by the Circuit Court of Winston County in favor of the Haleyville City School Board (“Haleyville City Board”); that judgment permanently enjoined the Winston County Board from violating a 1972 consent judgment. We affirm.
Before 1971, the Winston County Board had the responsibility of educating all school-age children in Winston County. The county was divided into five school districts; the children of district one attended school in a school building located in Haleyville, a city in Winston County. In 1971, the Haleyville City Board was formed for the purpose of educating the children of school district one. In late 1971, the legislature imposed a one-cent sales tax on nonexempt sales made in Winston County. Ala. Acts 1969-70, Act No. 34 (Special Session, 1969). This sales tax was passed by the legislature without a vote of the people.
After the legislature had passed the tax, the Haleyville City Board sued the Winston County Board, in the Circuit Court of Winston County, alleging that the sales tax violated Amendment No. 255 to the Alabama Constitution[1] and unconstitutionally discriminated against the Haleyville city school system. (Robert Burleson et al v. Winston County Board of Education et al., no. 10-206.) That action was settled on May 12, 1972, by a consent agreement signed by the presidents of the Winston County Board and the Haleyville City Board and witnessed by their respective superintendents. The agreement, in pertinent part, reads:
“AGREEMENT BETWEEN THE WINSTON COUNTY AND HALEYVILLE BOARDS OF EDUCATION
“Distribution of School Funds
“TAX
[[Image here]]
“6) County One-Cent Sales Tax
HOW APPORTIONED
As determined by Act # 34, as amended.[2]
*888 [[Image here]]
“TRANSPORTATION
“Transportation to and from school for students riding school buses will be provided both city and county students as during the 1971-72 school year on a fair and equitable basis. This will include use of school buses for athletics and bands to events in which the school participate [sic], this to be supplied by the county to both county and city schools at no cost as has been done during 1971-72. It is further agreed that school transportation policies, distribution of new school buses, and, addition of extra buses, and re-routing as necessary, will be fairly and equitably transacted for both county and city students, schools, and citizens alike.”
(Emphasis added.)
The trial court in 1972 adopted this agreement as part of a consent judgment. The trial court stated:
“(6) The County Board and the City Board respectively have the power to enter into the aforesaid agreement dated May 12, 1972, and the said agreement is considered by the Court to be legal and equitable respecting the distribution of funds between the City Board and the County Board and the apportionment of long term school indebtedness between the City Board and County Board. It also appears to the Court that the agreement as to the transportation of the pupils of both systems is fair and equitable, and that all of the said matters agreed to in the said agreement are legal and binding upon the parties thereto.
“The said agreement is made a part of this decree the same as if herein set out in full and is ratified and confirmed by the Court, and the parties thereto and their successors in office are expressly ordered to obey and comply with the tenns of the said agreement.” 1
(Emphasis added.)
In 1995, the Alabama legislature enacted a law establishing a new method of allocating state funds to school districts, a method known as the “Foundation Program.” The “Minimum Program Fund,” which had been in place in 1972, was the method that had been used to determine the allocation of funds under the 1972 consent judgment; the Minimum Program Fund allocated funds based on several factors relating to the costs of educating students. The Foundation Program allocates funds to school systems based solely on the average daily membership of students. This new method of funding caused a shift in the allocation of tax dollars from the Winston County school system to the Haleyville city school system.[3] Following the legislature’s adoption of the Foundation Program in 1995, the Winston County Board regarded the 1972 consent agreement to be *889 voidable, and, in November 1996, it voted to rescind that agreement, at least insofar as it concerned the distribution of local tax revenues and transportation services.
The Haleyville City Board again sued the Winston County Board, seeking to enjoin the Winston County Board from violating the 1972 consent judgment. The Haleyville City Board argued that the consent agreement was binding on the Winston County Board and that it could not be set aside in the absence of mistake, fraud, or lack of consent. The Haleyville City Board also argued that certain exclusive attendance zones, which had been established for 25 years, had been jointly agreed upon by the two boards.
The Winston County Board argued that the 1972 consent judgment was not binding on a later school board that was composed of new members who had not agreed to the settlement, because, it said, the judgment hindered a later board’s ability to act in the best interests of Winston County students. The Winston County Board further argued that Alabama courts cannot extend a contract indefinitely when no duration was specified; that the legislature’s enactment of the Foundation Program fundamentally, materially, and un-foreseeably altered the basic assumptions underlying the 1972 agreement, thereby upsetting the balance originally achieved and, pursuant to Alabama’s “doctrine of impossibility,” discharging the Winston County Board’s obligations under the consent judgment as a matter of law;[4] that the 1972 consent judgment did not establish exclusive attendance zones; and that the Winston County Board should not be forced to transport children who do not live within the Haleyville city limits to Haleyville schools without an express agreement between the two school boards, as required by the State Board of Education.
The trial court held that “the consent judgment is valid and binding on the parties and is dispositive of the issues in this case,” and it entered a summary judgment in favor of the Haleyville City Board. The trial court also permanently enjoined the Winston County Board from taking any action inconsistent with the 1972 consent judgment.
A summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d 1288 (Ala.1993). In determining whether a summary judgment was proper, this Court is limited to reviewing the same evidence the trial court considered when it granted the motion, and it must consider the evidence in the light most favorable to the nonmovant. Turner v. Systems Fuel, Inc., 475 So.2d 539, 541-42 (Ala.1985). A trial court’s ruling on a summary-judgment motion is a nondiscretionary ruling, and no presumption of correctness attaches to that ruling; accordingly, appellate review of the evidence properly presented in the record is de novo. Stone v. Southland Nat'l Ins. Corp., 589 So.2d 1289, 1291 (Ala.1991).
The Winston County Board argues that that Board, as composed in 1972, did not have the capacity to bind future school-board members; therefore, the Winston County Board, as presently composed, takes the position that it had the authority to rescind the 1972 consent agreement and thus to nullify the judgment. The Winston County Board asserts that the legislature has delegated to county and city boards of education broad powers to effectively administer and supervise the public schools and to establish educational policies that are in the best interests of the schoolchildren of Alabama. The Winston County Board, citing Ala.Code 1975, § 16-11-9; Clark v. Jefferson County Bd. of Educ., 410 So.2d 23 (Ala.1982); and Madden v. Alabama State Tenure Comm’n, 508 So.2d 1178 (Ala.Civ.App.1987), argues that the *890 trial court did not have the authority to enforce the 1972 consent judgment.
The record indicates that the 1972 consent judgment was based on the Haleyville City Board’s dismissal of its lawsuit challenging the Winston County one-cent sales tax. The record also indicates that concessions were made and that an agreement was reached between the two boards; that the Winston County Board was the proper governmental entity to authorize the allocation of school funding and transportation resources; that the Haleyville City Board has honored the agreement; that the Winston County Board honored the agreement from 1972 to 1996; and that since 1972, until this present dispute arose, neither the Haleyville City Board nor the Winston County Board had challenged the consent judgment.
A consent judgment is in the nature of a contract, and it binds the parties as fully as any other judgment. Price v. American National Bank, 350 So.2d 328 (Ala.1977). A consent judgment acts as a final settlement of the claims raised, and under such a judgment the parties waive errors and irregularities, absent fraud or mistake. Hanson v. Hearn, 521 So.2d 953, 954 (Ala.1988). “Rules applicable to the construction and interpretation of contracts are applicable to the construction and interpretation of judgments. Thus, in construing a consent judgment, the intention of the parties derived from the judgment itself controls if its language is plain and unambiguous.” Id., at 955. See Southern Housing Partnerships, Inc. v. Stowers Management Co., 494 So.2d 44, 47 (Ala.1986). To avoid the consent judgment, Winston County had to prove that it was based on fraud or mistake, or to prove that in 1972 the parties lacked the capacity to enter into the agreement on which that judgment was based. Based on our review of the record, we conclude that the Winston County Board presented no evidence indicating that the consent judgment should be set aside on the grounds of fraud, mistake, or lack of contractual capacity. See Grigsby v. Liles, 274 Ala. 67, 147 So.2d 846 (1962). The mere fact that new members of a school board disagree with their predecessors’ actions taken in settlement of litigation does not create grounds to rescind a consent agreement.
We hold, therefore, that the Winston County Board had the capacity to enter into the 1972 consent agreement and that that consent agreement may not be unilaterally rescinded. It is true that school boards have a duty to consider all options in pursuing the best interests of the children in their charge; however, this Court will not allow the performance of that duty, standing alone, to form the basis for a school board’s unilaterally rescinding a settlement agreement and thereby nullifying an otherwise valid and binding court order.
We also note that in the 1972 consent judgment the Winston County Board agreed to provide transportation to the Haleyville students “as during the 1971-1972 school year on a fair and equitable basis.” The Winston County Board argues that the trial court has misconstrued the 1972 consent judgment as establishing exclusive “attendance zones” and that this interpretation constitutes reversible error. The trial court’s order provides in pertinent part: “As part of that 1972 consent judgment expressly ratifying the agreement of the parties, it was stated that the County agreed to provide transportation to the City School system, Haleyville City School attendance zone lines were established and tax funds were divided.” We do not read the 1972 consent judgment as establishing required attendance zones; the judgment merely establishes that the Winston County Board is responsible for transporting students in the Haleyville school system “as during the 1971-1972 school year.” The attendance zones, which were used to determine bus routes, were in existence before the formation of the Haleyville city school system. Neither the Haleyville City Board’s assumption of responsibility for educating the children of district one nor the consent judgment in *891 any way altered or distorted the attendance zones that were already in place before 1971. The propriety of those attendance zones has not been challenged on this appeal. The consent judgment in no way precludes children from attending their school of choice, so long as the choice complies with the rules and regulations of the State Board of Education. Furthermore, the consent judgment does not prohibit the Winston County Board from providing transportation to children living in the district served by the Haleyville city system who choose to attend a school operated by the Winston County Board, so long as its doing so complies with the court’s consent judgment.
AFFIRMED.
HOOPER, C.J., and MADDOX, COOK, SEE, BROWN, and JOHNSTONE, JJ., concur.
LYONS, J., concurs specially.

. Amendment No. 255 provides:
"The legislature shall not pass a special or local law affecting Winston county or any city, town, village, district, or other such political subdivision of the county, unless the operation of such law shall be approved by a vote of the duly qualified electors of such county, city, town, village, district, or other political subdivision of the county, at an election held for such purpose, in the manner prescribed by such law."

. Act No. 34 was amended by Ala. Acts 1969-70, Act No. 688 (Regular Session, 1969), which provides in pertinent part:
*888 "[I]n all counties having more than one (1) school system, revenues collected under the provisions of this Act shall be distributed within such county on the same basis as funds received by the county from the Minimum Program Fund are distributed within the county.”

. According to the record before this Court, the 1993-94 school year was the last year the Winston County schools operated under the Minimum Program Fund. In that year, the division of funding from both state and local governments was 66.28264% to Winston County and 33.71736% to Haleyville. According to the 1994-95 Winston County student-enrollment records, the Winston County school system educated 60.7% of the students and the Haleyville city school system educated 39.3%. In the 1995-96 school year, assuming the same student population and disbursement under the Foundation Program, the Winston County school system received 61.4% of the state- and local-tax funding for education and the Haleyville city school system received 38.6%.

. The record indicates that the division of state and local funds under the Minimum. Program Fund fluctuated from year to year between the two school systems.